

# THE ATTORNEY GENERAL
## OF TEXAS

September 28, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Benjamin Euresti, Jr.
Cameron County Attorney
Courthouse - 974 E. Harrison Street
Brownsville, Texas   78520

Opinion No. JM-799

Re: Whether the Cameron County Bail Bond Board is authorized to set a limit on the value amount of bonds which a corporate surety may provide

Dear Mr. Euresti:

You ask:

> Does the Cameron County Bail Bond Board have the authority to set a limit on the value amount of bonds that the corporate surety can make?

You provide the following factual background:

> The Cameron County Bail Bond Board pursuant to Vernon's Civil Statutes Art. 2372p-3 oversees the licensing and regulating of bail bondsmen in said county.   Under   Section   7(a)   a   corporation certified to do business by the State Board of Insurance has applied for a license.  Said corporation has met all necessary legal requirements to qualify for a license.

Section 6(g) article 2372p-3, V.T.C.S., provides:

> No bondsman may execute, in any county, bail bonds that in the aggregate exceed 10 times the value of the property held as security on deposit or in trust under Subsection (f)· of this section. A county officer or employee designated by the board shall maintain a current total of the bondsman's potential liability on bonds in force, and no further bonds may be written by or accepted from the bondsman when the limit is reached. When a bondsman's total liability on judgments nisi reaches two times the same amount as he has on deposit as security, no further bonds may be

p. 3776

> written until the bondsman posts additional
> security as required in this subsection.   A
> bondsman whose license is effective may, at any
> time, by posting additional security, increase the
> bondsman's limit.

Section 7, article 2372p-3 states:

> (a) Wherever in this Act any person is required
> or authorized to give or execute any bail bond,
> such bail bond may be given or executed by such
> principal and any corporation authorized by law to
> act as surety.   When any such corporation author-
> ized by law to act as a surety undertakes to be a
> surety on a bail bond, such corporation, before
> being acceptable as a surety on a bail bond, shall
> be required to meet the applicable requirements
> prescribed by Section 6 of this Act before being
> acceptable as a personal surety on a bail bond;
> Subsection (g) of Section 6 does not apply to a
> corporate surety.
>
> (b) The certificate of authority to do business
> in this state issued to a corporation by the State
> Board of Insurance pursuant to Article 8.20,
> Insurance Code, as amended, shall be conclusive
> evidence as to the sufficiency of the security,
> the corporation's solvency, or its credits.
> (Emphasis added.)

Section 7(a), article 2372p-3, expressly provides that subsection
(g) of section 6 does not apply to a corporate surety.   Section 7(b)
further provides that the certificate of authority issued to a
corporation by the State Board of Insurance is conclusive evidence as
to the sufficiency of the security, the corporation's solvency, or its
credits.

Accordingly, the Cameron County Bail Bond Board is not authorized
to set a limit on the value amount of bonds which a corporate surety
may provide where the corporation has been issued a certificate of
authority to do business in this state by the State Board of Insurance
pursuant to article 8.20, Insurance Code and has met the requirements
of section 6, article 2372p-3, V.T.C.S.

## S U M M A R Y

> The Cameron County Bail Bond Board is not
> authorized to set a limit on the value amount of
> bonds which a corporate surety may provide where

the corporation has been issued a certificate of authority to do business in this state by the State Board of Insurance pursuant to article 8.20, Insurance Code and has met the requirements of section 6, article 2372p-3, V.T.C.S.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General